MILWAUKEE POLICE ASSOCIATION, LOCAL 21, IUPA, AFL-CIO Itself and on behalf of its Members, and Philip Sliwinski, Petitioners-Appellants,

v.

CITY OF MILWAUKEE, Respondent-Respondent.†

Court of Appeals

*No. 2007AP2433. Submitted on briefs June 2, 2008.
—Decided June 17, 2008.*

2008 WI App 119

(Also reported in 757 N.W.2d 76.)

† Petition to review denied 9/11/08.

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *Jonathan Cermele* and *Rachel L. Pings* of *Cermele & Associates, S.C.*, Milwaukee.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Grant F. Langley*, city attorney and *Jan A. Smokowicz*, assistant city attorney of Milwaukee.

Before Wedemeyer, Fine and Kessler, JJ.

¶ 1. FINE, J. The Milwaukee Police Association and Philip Sliwinski appeal the judgment quashing their petition for a writ of mandamus that sought an order reinstating Sliwinski to his position as a City of Milwaukee police officer.[1] We reverse because Sliwinski

---

[1] The petition asserts that the Milwaukee Police Association "has . . . suffered, and continues to suffer, substantial damage due to [the City of Milwaukee]'s refusal to reinstate and make Sliwinski whole, given that its members can no longer expect that the City will adhere to its statutory duties and obligations under § 62.50, STATS." The City does not argue on appeal that the Police Association does not have standing, and, without deciding the matter, we accordingly assume that it does. *See Reiman Assocs., Inc. v. R/A Adver., Inc.*, 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292, 294 n.1 (Ct. App. 1981) (matters not briefed are waived); *see also Milwaukee Dist. Council 48 v. Milwaukee County*, 2001 WI 65, ¶ 38, 244 Wis. 2d 333, 352, 627 N.W.2d 866, 876 (Union has standing because it "has a tangible

is entitled to his pay and benefits under Wis. Stat. § 62.50(18), but not, as we explain below, reinstatement.

## I.

¶ 2. This appeal is a sequel to *Sliwinski v. Board of Fire & Police Commissioners of Milwaukee*, 2006 WI App 27, 289 Wis. 2d 422, 711 N.W.2d 271. Sliwinski was a Milwaukee police detective until he was fired by the then chief of police in November of 2002. As was his right, Sliwinski appealed his discharge to the Board of Fire and Police Commissioners of the City of Milwaukee. *See* Wis. Stat. § 62.50(13) ("Within 10 days after the date of service of the notice of a discharge or suspension order the members so discharged or suspended may appeal from the order of discharge or suspension or discipline to the board of fire and police commissioners, by filing with the board a notice of appeal."). The Board held an evidentiary trial on Sliwinski's appeal, *see* § 62.50(16), and upheld the discharge, *Sliwinski*, 2006 WI App 27, ¶ 1, 289 Wis. 2d at 425, 711 N.W.2d at 273. The circuit court affirmed, but we reversed on our *de novo* review because the Board's trial on Sliwinski's discharge violated his right to a due-process-compliant trial. *Id.*, 2006 WI App 27, ¶¶ 13–16, 289 Wis. 2d at 434–438, 711 N.W.2d at 277–279. We remanded the matter "to the Board of Fire and Police Commissioners for a new hearing that complies with Sliwinski's due-process rights." *Id.*, 2006 WI App 27, ¶ 16, 289 Wis. 2d at 438, 711 N.W.2d at 279 (footnote omitted). Although our decision in *Sliwinski* was issued on January 24, 2006, and the Board did not

interest in knowing what the law is and what rights its members have, so that it can do its duty" to "give its members sound advice" and "represent them well.").

seek supreme-court review, the Board has yet to give Sliwinski his due-process-compliant trial.

## II.

¶ 3 Mandamus is an extraordinary legal remedy, available only to parties that can show that the writ is based on a "clear, specific legal right which is free from substantial doubt." A party seeking mandamus must also show that the duty sought to be enforced is positive and plain; that substantial damage will result if the duty is not performed; and that no other adequate remedy at law exists.

*Lake Bluff Housing Partners v. City of South Milwaukee*, 197 Wis. 2d 157, 170, 540 N.W.2d 189, 194 (1995) (quoted source and citations omitted). Whether to issue a writ of mandamus is within the circuit court's discretion. *Ibid.* A circuit court erroneously exercises its discretion when its decision is "based on an erroneous understanding of the law." *Ibid.*

¶ 4. The extent of Sliwinski's rights following his discharge by the then Milwaukee chief of police and the first, due-process-deficient trial before the Board turns on Wis. Stat. § 62.50(18). Our analysis is thus *de novo. See State v. Turnpaugh*, 2007 WI App 222, ¶ 2, 305 Wis. 2d 722, 725, 741 N.W.2d 488, 490 (Appellate courts review statutes *de novo.*). Unless ambiguous, statutes must, of course, be applied as they stand. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 662, 681 N.W.2d 110, 123–124.

■■

¶ 5. WISCONSIN STAT. § 62.50(18) (2005–06), as applicable to Sliwinski, provided:

> SALARY DURING SUSPENSION. . . . No member of the police force may be suspended or discharged under sub. (11) or (13) without pay or benefits until the matter that is the subject of the suspension or discharge is disposed of by the board or the time for appeal under sub. (13) passes without an appeal being made.[2]

(Footnote added.) The City argues that because the Board "disposed of" Sliwinski's appeal, § 62.50(18) justifies its refusal to give Sliwinski his "pay" and "benefits." As we explained in *Sliwinski*, however, police officers who are discharged have a right to a trial before the Board that comports with due process. *Id.*, 2006 WI App 27, ¶¶ 13–16, 289 Wis. 2d at 434–438, 711 N.W.2d at 277–279. Sliwinski has not yet had that trial despite our order requiring it. Simply put, the legitimacy of Sliwinski's discharge will not be "disposed of by the board" until it fully complies with our order.[3]

---

[2] WISCONSIN STAT. § 62.50(18) was amended by 2007 Wis. Act 114, § 7. Under 2007 Wis. Act 114, § 11(1), the "act first applies to any member of the police force or fire department who is covered by a collective bargaining agreement that contains provisions inconsistent with this act on the day on which the collective bargaining agreement expires or is extended, modified, or renewed, whichever occurs first." Neither party contends that 2007 Wis. Act 114 affects this appeal.

[3] Sliwinski argues that he is entitled to full reinstatement under WIS. STAT. § 62.50(22), which provides, as material: "If the decision of the board is reversed, the discharged or suspended member shall forthwith be reinstated in his or her former position in the department and shall be entitled to pay the same as if not discharged or suspended." He contends that *Sliwinski* reversed the Board's decision adverse to him. We did

¶ 6. The City argues, and the circuit court ruled, that whatever the effect of Wis. Stat. § 62.50(18), Sliwinski has an "adequate remedy at law" so that mandamus is not the appropriate mechanism to enforce his right to continued "pay" and "benefits" until he receives the due-process-compliant trial to which he is entitled because he can: (1) file a wage-claim action under Wis. Stat. § 109.09 (which he has already done in a case pending in the circuit court); and (2) sue the City in tort. The Board's decision in the due-process-deficient proceeding was issued on March 26, 2004, however, and wage claims under § 109.09 are limited to a two-year arrearage. Sec. 109.09(1).[4] Moreover, a wage claim

---

not. Rather, we reversed the circuit-court order and remanded the matter to the Board with specific directions that it hold a due-process-compliant trial:

> Sliwinski is entitled to a *fair* hearing, and that means access to witnesses and evidence that could support his defense. As *Umhoefer* [*v. Police & Fire Commission of Mequon*, 2002 WI App 217, ¶¶ 21–22, 257 Wis. 2d 539, 552, 652 N.W.2d 412, 418] recognizes, a remand to the Board for a hearing consistent with an officer's due-process rights is an appropriate remedy. Although Sliwinski seeks to have us order his reinstatement, we are not a fact-finding court, and he points to nothing that permits our usurpation of what is properly and appropriately a function of the Board. We thus remand to the Board of Fire and Police Commissioners for a new hearing that complies with Sliwinski's due-process rights.

*Sliwinski v. Board of Fire & Police Comm'rs of Milwaukee*, 2006 WI App 27, ¶ 16, 289 Wis. 2d 422, 438, 711 N.W.2d 271, 279 (emphasis by *Sliwinski*; citation and footnote omitted).

[4] Contrary to Sliwinski's contention, the definition of "wages" under Wis. Stat. § 109.01(3) is broad:

> "Wage" or "wages" mean remuneration payable to an employee for personal services, including salaries, commissions, holiday and vacation pay, overtime pay, severance pay or dismissal pay, supple-

under § 109.09 would not vindicate the interests of the Police Association, whose standing to maintain this mandamus action is not disputed by the City. Similarly, we do not see a tort suit, which would be subject to delays and interposition of objections that have so far dominated this case, as an efficient viable alternative to what § 62.50(18) clearly requires. A tort suit is not an "adequate" remedy under the mandamus rubric.

¶ 7. In sum, we conclude on our *de novo* review of the legal issues presented by this appeal that Sliwinski has under WIS. STAT. § 62.50(18) a " 'clear, specific legal right which is free from substantial doubt,' " *Lake Bluff Housing Partners*, 197 Wis. 2d at 170, 540 N.W.2d at 194 (citation omitted), that the City's obligation under that section is "positive and plain," *ibid.*, that because Sliwinski is not receiving his "pay" and "benefits" as § 62.50(18) requires, he is suffering "substantial damage," *Lake Bluff Housing Partners*, 197 Wis. 2d at 170, 540 N.W.2d at 194, and that he and the Police Association have no "adequate remedy at law," *ibid.* Thus, the circuit court erroneously exercised its discretion in quashing the petition for a writ of mandamus. Accordingly, we reverse and direct the circuit court to issue a writ of mandamus ordering the City to conduct forthwith the due-process-compliant trial we directed in *Sliwinski*. Until it does, Sliwinski is entitled to his pay and benefits under § 62.50(18).[5]

mental unemployment benefit plan payments when required under a binding collective bargaining agreement, bonuses and any other similar advantages agreed upon between the employer and the employee or provided by the employer to the employees as an established policy.

[5] The City also argues that the petition for a writ of mandamus runs afoul of WIS. STAT. § 893.80(1)(b), which re-

*By the Court.*—Judgment reversed and cause remanded with directions.

---

quires a notice of claim before an "action may be brought or maintained against any . . . political corporation [or] governmental subdivision," and that "the claim [be] disallowed." "Failure of the appropriate body to disallow a claim within 120 days after presentation of the written notice of the claim is a disallowance." Sec. 893.80(1g). Although we question whether § 893.80(1)(b) would apply to the kind of dispute presented by this appeal, *see Oak Creek Citizen's Action Comm. v. City of Oak Creek*, 2007 WI App 196, ¶¶ 6–7, 13, 304 Wis. 2d 702, 707–708, 712, 738 N.W.2d 168, 170–171, 173 (section 893.80(1)(b) did not apply to mandamus action seeking to compel city to comply with direct-legislation statute), a matter that we do not decide, the Record here indicates that Sliwinski *did* seek from the City after our decision in *Sliwinski* his pay and benefits and that the City refused to restore them pending a due-process-compliant trial before the Board. Thus, at the very least, Sliwinski substantially complied with § 893.80(1)(b), which is all that is required. *See State v. Town of Linn*, 205 Wis. 2d 426, 435–441, 556 N.W.2d 394, 399–401 (Ct. App. 1996).