John A. KOWSKE, Plaintiff-Appellant,†

v.

AMERIQUEST MORTGAGE COMPANY,
Defendant-Respondent,

REGISTERED AGENT: NATIONAL REGISTER AGENTS, INC.,
Defendant.

Court of Appeals

*No. 2008AP496. Submitted on briefs December 2, 2008.
—Decided March 24, 2009.*

**2009 WI App 45**

(Also reported in 767 N.W.2d 309.)

† Petition to review denied 6/16/09.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Brian Kinstler* of *Kohler & Hart, LLP* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Lisa M. Arent* and *Patrick B. Howell* of *Whyte Hirschboeck Dudek, S.C.* of Milwaukee.

Before Fine, Kessler and Brennan, JJ.

¶ 1. KESSLER, J. In *A.B.C.G. Enterprises, Inc. v. First Bank Southeast, N.A.*, 184 Wis. 2d 465, 515 N.W.2d 904 (1994), the Wisconsin Supreme Court considered whether claim preclusion barred a mortgagor's mortgage-related claims against a mortgagee where the mortgagee was previously granted numerous default judgments of foreclosure. *See id.* at 471. The court held that the mortgagor "was required to counterclaim in the prior [foreclosure] action[s] because the claims, if successfully litigated, would nullify the prior default judgments entered in favor of [the mortgagee] or impair rights established in the initial action[s]." *Id.* Because the mortgagor had not counterclaimed in the original foreclosure actions, its claims were barred by claim preclusion and the common-law compulsory counterclaim rule.[1] *Id.*

¶ 2. In this case, we consider whether the result is the same where the mortgagor pays off the mortgage

---

[1] "In Wisconsin, the term 'claim preclusion' has replaced 'res judicata.' " *Barber v. Weber*, 2006 WI App 88, ¶ 11 n.3, 292 Wis. 2d 426, 715 N.W.2d 683. Thus, this opinion will refer to claim preclusion, even though the record at times uses the term res judicata.

loan prior to the foreclosure sale, and the mortgagee subsequently moves to vacate and dismiss the judgment because the mortgage loan was paid. We conclude that the current claims of the mortgagor (John A. Kowske) against the mortgagee (Ameriquest Mortgage Company) are barred by claim preclusion and the common-law compulsory counterclaim rule.

## BACKGROUND

¶ 3. In June 2006, Kowske sued Ameriquest, alleging that its agents made misrepresentations in 2003, during the time that Kowske secured a mortgage from Ameriquest to refinance a townhouse containing two condominiums.[2] Kowske also alleged that Ameriquest had engaged in unfair trade practices. The parties engaged in discovery, which led to Ameriquest filing a motion for summary judgment on grounds that the alleged misrepresentations were not actionable. The trial court denied the motion, finding that genuine issues of material fact precluded summary judgment. Then, prior to the entry of the final pretrial conference order, Ameriquest moved to dismiss Kowske's claims on grounds that the claims were barred by claim preclusion based on a 2004 foreclosure action brought by Ameriquest against Kowske concerning the same property. Ameriquest explained that Kowske did not appear or defend the foreclosure action and that a default judgment of foreclosure was subsequently granted on June 24, 2004.[3]

---

[2] Kowske filed his initial complaint *pro se,* but subsequently obtained counsel and filed an amended complaint.

[3] It is undisputed that Kowske had notice of the foreclosure action and the default judgment of foreclosure. Kowske testified at his deposition in this case that he did not contest the foreclosure because "[t]here was nothing I could do." He said he

¶ 4. Prior to the scheduling of a sheriff's sale in that 2004 foreclosure action, Kowske paid the mortgage loan.[4] Ameriquest filed a two-page document entitled "Motion and Order Vacating Judgment, Dismissing Action and Discharging Lis Pendens" (some uppercasing omitted).[5] There is no indication that Kowske

considered suing Ameriquest for misrepresentation at the time, but did not have the funds to do so.

It appears Kowske's only communication with the trial court in the foreclosure action was a note handwritten on the Notice of Application for Judgment of Foreclosure that he had received. The handwritten note stated: "The house is sold[.] I am closing July 1st 2004. John Kowske."

[4] It is not clear from the record whether Kowske's payment also included $1100 in attorney fees and other costs associated with the foreclosure that were ordered in the Judgment of Foreclosure.

[5] The combined motion and order stated as follows:

> WHEREAS, a certain Judgment of Foreclosure was entered in the above-captioned matter on June 24, 2004, and

> WHEREAS, said mortgage loan has been fully paid and satisfied; now comes [trial counsel], one of the attorneys for the plaintiff herein, and moves the Court for an order vacating the Judgment heretofore previously rendered and dismissing the action on its merits and discharging the Lis Pendens heretofore filed in the Office of the Register of Deeds of Waukesha County, as Number 3164725.

> [Date and signature omitted]

> Upon all the records, files and proceedings had and taken herein, and on the motion hereinabove contained,

> IT IS ORDERED [t]hat the judgment heretofore rendered in the above-entitled action be and it hereby is vacated, and the above action be and it hereby is dismissed upon its merits;

> IT IS FURTHER ORDERED that the Lis Pendens heretofore filed in the Office of the Register of Deeds for Waukesha County . . . be and it hereby is discharged.

> [Date, signature and signature block omitted]

responded to the motion. The trial court signed the order on July 22, 2004.

¶ 5. In the instant case, Ameriquest argued that Kowske could not raise claims related to his mortgage with Ameriquest because the same claims "were compulsory counterclaims in the foreclosure action, and he failed to appear and raise them." Ameriquest asserted that Kowske was aware of his potential claims at the time of the foreclosure action and was seeking damages related to the foreclosure action and the judgment of foreclosure. Ameriquest argued that under *A.B.C.G. Enterprises*, Kowske's claims were barred because he failed to assert common-law compulsory counterclaims in the foreclosure action. *See id.* Specifically, Ameriquest noted, Kowske was seeking

> to recover the damages he suffered as a result of the foreclosure . . . [such as] damage for his "ruined" credit standing, his employment opportunities lost as a result of the "ruined" credit, and his "lost equity" in the value of his condominium, which he claims to have sold for a price under its market value, after the judgment of foreclosure.
>
> . . . .
>
> . . . Kowske asserts fraud in the inducement, and seeks to recover as damages *the consequences of the foreclosure judgment.*

(Emphasis in original.)

¶ 6. Kowske opposed the motion. He argued that his claims were not precluded because he did "not seek reimbursement of the amount he paid to Ameriquest nor [did] he seek to attack the validity of the mortgage contract." Rather, he asserted, his complaints related to Ameriquest's refusal to provide a partial release (prior to the foreclosure) so that Kowske could sell one of the

505

two townhouse condominiums. He explained that even if he "made and prevailed on a counterclaim that he was entitled to a partial release, the same would not have invalidated Ameriquest's entitlement to a judgment of foreclosure for failure to make monthly mortgage payments." Thus, he argued, the facts of his case were distinguishable from those in *A.B.C.G. Enterprises*, where the mortgagor was attempting to undermine the original default judgment by attacking the validity of the mortgage. *See id.*

¶ 7. The trial court granted Ameriquest's motion, concluding that Kowske's claims were barred by claim preclusion. The court explained:

> The Court concludes that the mortgage transaction of June 23, 2003 is at the heart of this action as it was the basis of both the foreclosure action as well as this action. There is an identity of parties and causes of action . . . such that the foreclosure judgment would be rendered meaningless by [Kowske's] current action. As a favorable judgment for [Kowske] in this action would impair rights established in the initial action, this Court holds that [Kowske] is precluded from maintaining this action.

The court dismissed Kowske's case with prejudice.

¶ 8. Kowske secured new trial counsel and filed a motion to reconsider. Kowske argued that the trial court's reasoning was erroneous because it had missed "one essential detail"—that the judgment of foreclosure had been vacated and dismissed after Kowske paid the mortgage. Because there was no longer a judgment to be undermined, Kowske argued, claim preclusion did not apply.

¶ 9. While his motion to reconsider was pending, Kowske filed this appeal. The trial court held a hearing on Kowske's motion to reconsider. It denied Kowske's

motion, concluding that the dismissal of the judgment of foreclosure based on Kowske's payment of the mortgage did not bar application of claim preclusion.

## STANDARD OF REVIEW

¶ 10. This case concerns application of claim preclusion and the common-law compulsory counterclaim rule. "Whether claim preclusion and the common-law compulsory counterclaim rule apply to a given set of facts is a question of law that this court decides de novo." *Menard, Inc. v. Liteway Lighting Prods.*, 2005 WI 98, ¶ 23, 282 Wis. 2d 582, 698 N.W.2d 738.

## DISCUSSION

¶ 11. Kowske does not challenge the applicability of the common-law compulsory counterclaim rule, but argues that claim preclusion should not be applied here because the judgment of foreclosure was vacated and dismissed on its merits. Thus, Kowske contends, the judgment of foreclosure can have no preclusive effect.

¶ 12. In making this argument, Kowske has abandoned his original objection to application of claim preclusion: that the facts of his case are distinguishable from those in *A.B.C.G. Enterprises.* Indeed, on appeal, he explicitly concedes that claim preclusion would bar his claims, consistent with *A.B.C.G. Enterprises*, if there were a final judgment that had not been vacated.[6] However, because the judgment of foreclosure was vacated, Kowske contends, claim preclusion cannot

[6] On appeal, Kowske states that he "readily concedes that the [trial] court correctly relied on [*A.B.C.G. Enterprises, Inc. v. First Bank Southeast, N.A.*, 184 Wis. 2d 465, 515 N.W.2d 904

apply. Kowske argues that applying claim preclusion would unjustly reward Ameriquest, a company that benefitted from vacating the judgment because Kowske was not able to move to reopen the default judgment of foreclosure once it had been vacated and dismissed.[7]

## I. Analysis and application of *A.B.C.G. Enterprises*.

¶ 13. We begin our analysis with *A.B.C.G. Enterprises*. In that case, First Bank sued A.B.C.G. Enterprises in six separate foreclosure actions pursuant to certain mortgage presumption agreements. *Id.*, 184 Wis. 2d at 471. A.B.C.G. Enterprises did not defend the actions and the court entered default judgments of foreclosure in First Bank's favor. *Id.*

¶ 14. A.B.C.G. Enterprises subsequently filed suit against First Bank concerning the properties that were the subject of the prior foreclosures. *Id.* A.B.C.G. Enterprises advanced several allegations:

> (1) misrepresentation by First Bank as to the investment quality of the properties at the time of purchase;

---

(1994) and *Menard, Inc. v. Liteway Lighting Products*, 2005 WI 98, 282 Wis. 2d 582, 698 N.W.2d 738] as the basis for its decision." Further, he states, if his "case had involved an existing, legally effective default judgment, the [trial] court would have been precisely correct in dismissing his claim in the present case."

[7] There is nothing in the record to suggest that Kowske ever attempted to reopen the default judgment, but Kowske asserts that he was prevented from doing so because Ameriquest successfully moved to vacate and dismiss the judgment of foreclosure. Kowske also suggests that the reason Ameriquest moved to vacate the judgment was to prevent Kowske from seeking relief from that judgment, but he offers no factual support for that suggestion.

508

(2) breach of contract regarding schedules for payments made on the properties, and extension of additional credit to repair the properties; and (3) failure to properly manage the properties and to collect, apply, and conserve the rental payments collected from the properties.

*Id.* at 471–72. A.B.C.G. Enterprises alleged that First Bank's actions caused it "to default on its mortgage agreements and, by way of foreclosure, lose its interest in the properties." *Id.* at 472. A.B.C.G. Enterprises sought compensatory damages and equitable relief. *Id.*

¶ 15. First Bank successfully moved for summary judgment on grounds that A.B.C.G. Enterprises' claims were barred under the doctrine of claim preclusion by the prior default judgments in the foreclosure actions. *Id.* On appeal, our supreme court affirmed the judgment. *See id.* at 471. In doing so, the court held that A.B.C.G. Enterprises

was required to raise its present claims as counterclaims in the prior foreclosure proceedings. We base our holding on a "common-law compulsory counterclaim" rule which requires a defendant to counterclaim if its claim, when brought in a subsequent, separate action, would nullify the initial judgment or impair rights established in the initial action.

*Id.* at 474. The court relied on the RESTATEMENT (SECOND) OF JUDGMENTS § 22(2)(b) (1982), which stated that a claim can be precluded if " 'successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action.' " *A.B.C.G. Enters.*, 184 Wis. 2d at 477 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 22(2)(b) (1982)). The court explained: "This rule preserves the integrity and finality of judgments and the litigants' reliance on them, by precluding a collateral attack upon a judgment in a

subsequent proceeding when the attack would completely undermine the rights established in the initial judgment." *Id.*

¶ 16. The court in *A.B.C.G. Enterprises* identified the test to be used when deciding whether a claim is precluded. First, a court must "determine whether there is an identity of parties and an identity of causes of action." *Id.* at 480. If there is an identity of parties and causes of action, a court must determine whether the claims in the second action, "if successfully litigated, would nullify the prior foreclosure action or impair rights established in the initial action so as to trigger the application of [claim preclusion]." *Id.* at 482.

¶ 17. Applying this test, the court concluded that claim preclusion should be applied. *See id.* at 482–83. With respect to the impairment of the default judgments, the court observed:

> Essentially, ABCG alleges that the original foreclosure was improper. First Bank established the validity of ABCG's mortgage obligation; ABCG claims that its obligation was not valid because of misrepresentations by First Bank. First Bank established that ABCG was in default; ABCG alleges that absent the Bank's action, it would not be in default. Finally, First Bank established the amount at issue in the mortgages; ABCG attempts to put the amount at issue again by alleging that payments were not properly received and applied to the mortgage debt. A judgment in favor of ABCG would thus directly undermine the original default judgment in which the court held that under the circumstances, foreclosure was proper.
>
> If we were to allow ABCG to recover damages from First Bank, or if we were to grant other "equitable" remedies (as ABCG requests), the judgment awarding First Bank the amounts due on the properties and additional costs would be rendered meaningless. If a

court found the mortgages invalid or First Bank to have caused the default, First Bank could be essentially forced to return its previous recovery. In the interest of equity and finality, we hold that ABCG is barred from raising its present claims against First Bank.

*Id.*

¶ 18. Applying the *A.B.C.G. Enterprises* test here, both parties agree that there is an identity of causes and parties. Kowske concedes that like the plaintiff in *A.B.C.G. Enterprises*, his claims would be precluded "if the final judgment was entered against him." (Emphasis omitted.) However, he explains, the vacated judgment of foreclosure and dismissal nullified the judgment, so it can no longer be impaired.

## II. Application of claim preclusion where judgment of foreclosure was vacated.

██ ██

¶ 19. "Under the doctrine of claim preclusion, a final judgment is conclusive in all subsequent actions between the same parties [or their privies] as to all matters which were litigated or which might have been litigated in the former proceedings." *Menard*, 282 Wis. 2d 582, ¶ 26 (citations, italics and three sets of quotation marks omitted). There are three elements to claim preclusion: " '(1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and, (3) a final judgment on the merits in a court of competent jurisdiction.' " *Id.* (citation omitted). *Menard* explained what is precluded by claim preclusion:

> Claim preclusion, in addition to precluding a plaintiff in a subsequent action from asserting claims that were

litigated or could have been litigated in a prior action, may operate to preclude a plaintiff from asserting claims in a subsequent action that the party failed to assert in a previous action in which it was a defendant.

*Id.*, ¶ 27.

■

¶ 20. *Menard* also observed that Wisconsin "has adopted the common-law compulsory counterclaim rule" which "creates an exception to the permissive counterclaim statute and bars a subsequent action by a party who was a defendant in a previous suit if 'a favorable judgment in the second action would nullify the judgment in the original action or impair rights established in the initial action." *Id.*, ¶¶ 27–28 (quoting *A.B.C.G. Enters.*, 184 Wis. 2d at 476–77). In order for the rule to apply, "a court must conclude that all the elements of claim preclusion are present and that a verdict favorable to the plaintiff in the second suit would undermine the judgment in the first suit or impair the established legal rights of the plaintiff in the initial action." *Id.*, ¶ 28.

■

¶ 21. As noted, Kowske does not contest the application of the common-law compulsory counterclaim rule in this case, but argues that an essential element of claim preclusion is missing; namely, a final judgment on the merits in a court of competent jurisdiction. However, we conclude that there was a final judgment on the merits and that a verdict favorable to Kowske in the instant case would impair the rights Ameriquest established in the initial action. Therefore, we affirm.

¶ 22. Ameriquest secured a valid default judgment of foreclosure against Kowske. Kowske did not contest the foreclosure or participate in the proceed-

ings, except to notify the trial court after entry of the default judgment that he had sold the property and would be closing soon. He failed to raise claims that were compulsory under the common-law compulsory counterclaim rule. *See A.B.C.G. Enters.*, 184 Wis. 2d at 471. When he sold the property, he promptly paid Ameriquest, without ever challenging or moving to set aside the default judgment.

¶ 23. Once Kowske paid the mortgage, Ameriquest took steps to clear the title and put an end to the foreclosure proceedings (*i.e.,* the sheriff's sale), by moving to vacate the judgment of foreclosure and discharge the lis pendens. Kowske does not claim he did not receive a copy of this motion and the signed order. *See* Wis. Stat. § 801.14(2) (2007–08)[8] (governing service of pleadings and other papers after the action has been commenced). Kowske never objected to the motion or to the signed order, nor did he move to vacate the dismissal and reinstate the foreclosure action.

¶ 24. Contrary to Kowske's assertion, the order dismissing the action based on Kowske's payment of the mortgage was a final judgment on the merits in the foreclosure action. Ameriquest's actions to clear the title were based on Kowske's acceptance of the rights Ameriquest established in the foreclosure action. The order dismissing the judgment of foreclosure was not based on an error in the original judgment of foreclosure, but rather on the successful attainment of the judgment of foreclosure and the subsequent payment of the mortgage by Kowske. That trial court order ended litigation between the parties concerning the mortgage and foreclosure, and neither party appealed from that order.

---

[8] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

¶ 25. To allow Kowske, years later, to bring claims based on the already satisfied mortgage and foreclosure would be directly contradictory to the common-law compulsory counterclaim rule, which "preserves the integrity and finality of judgments and the litigants' reliance on them, by precluding a collateral attack upon a judgment in a subsequent proceeding when the attack would completely undermine the rights established in the initial judgment." *See A.B.C.G. Enters.*, 184 Wis. 2d at 477. For the reasons stated, we hold that Kowske's current claims against Ameriquest are barred by claim preclusion and the common-law compulsory counter-claim rule.

*By the Court.*—Judgment affirmed.