Philip SLIWINSKI, Plaintiff-Appellant,

v.

CITY OF MILWAUKEE, Defendant-Respondent.†

Court of Appeals

*No. 2008AP2141. Submitted on briefs April 29, 2009.
—Decided October 6, 2009.*

2009 WI App 162

(Also reported in 777 N.W.2d 88.)

† Petition to review filed.

774

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Jonathan Cermele* and *Matthew L. Granitz* of *Cermele & Associates, S.C.*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the briefs of *Grant F. Langley*, city attorney, and *Jan A. Smokowicz*, assistant city attorney.

Before Curley, P.J., Kessler and Brennan, JJ.

¶ 1. BRENNAN, J. This action arises out of Philip Sliwinski's claim for back pay, benefits and penalties under WIS. STAT. ch. 109 (2007–08).[1] There are two issues in this appeal: (1) whether Sliwinski can bring a claim for his back pay and benefits under ch. 109; and (2) whether this appeal is moot.

¶ 2. As to the first issue, the circuit court denied Sliwinski's motion for summary judgment and granted the City of Milwaukee's motion for judgment on the pleadings, dismissing the case. The circuit court held

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

that the definition of "wages" in Wis. Stat. ch. 109 did not apply to payments owed to Sliwinski for his discharge period, finding that the "personal services" language in Wis. Stat. § 109.01(3) requires that the employee perform actual work during the time period for which he is making a wage claim. Because Sliwinski was discharged, he had not performed actual police work during the claimed time period. Sliwinski challenged the circuit court's construction of the statute. We conclude that "wages" under § 109.01(3) includes Sliwinski's back pay and benefits.

¶ 3. As to the second issue, mootness, at oral argument before us on June 18, 2009, the City orally moved to dismiss this appeal for mootness based on the fact that Sliwinski had recently obtained (or was in the process of obtaining) the remedies he sought—namely, a writ of mandamus and back pay and benefits—and therefore, the City argues that the appeal is now moot. Additionally, the City argues that Wis. Stat. § 783.05 and the doctrine of claim preclusion require that this action be dismissed. Sliwinski disagrees.

¶ 4. We agree with Sliwinski that this appeal is not moot because: (1) Sliwinski has not received all of his back pay and benefits[2] and Wis. Stat. ch. 109 provides possible remedies in addition to them; (2) Wis.

---

[2] We note that although it is not part of the record, we are aware that the Milwaukee Journal Sentinel Online reported that the City of Milwaukee Common Council, on September 14, 2009, endorsed a $54,432 settlement payment to Sliwinksi. *See Committee backs detective's settlement,* Milwaukee Journal Sentinel Online, Sept. 14, 2009, http://www.jsonline.com/news/59290977.html. Pursuant to Wis. Stat. §§ 902.01(2)(a), (b) and 902.01(6), we take judicial notice of the fact of payment approval. It does not change our decision in this matter for the reasons set forth here.

STAT. § 783.05 does not bar this claim because Sliwinski had not been paid when this claim was filed; and (3) claim preclusion does not apply because there is no identity of issues. Therefore, we reverse the orders of the circuit court and remand the case to the circuit court for further proceedings.

## BACKGROUND

¶ 5. Sliwinski has filed four circuit court actions and pursued three appeals, all in an effort to challenge his discharge from the Milwaukee Police Department and to obtain back pay and benefits. The facts underlying these cases began in November 2002, when the then chief of police discharged Sliwinski, a City of Milwaukee police detective, for a rule violation. Sliwinski appealed the police chief's decision to the Milwaukee Board of Fire and Police Commissioners under WIS. STAT. § 62.50. In March 2004, the Board sustained the police chief's decision, dismissing Sliwinski and stopping his pay and benefits.

¶ 6. A Milwaukee County Circuit Court judge upheld the Board's decision on certiorari review,[3] and Sliwinski appealed the circuit court's decision. In January 2006, we reversed the decision to discharge Sliwinski and remanded for a due-process-compliant hearing, concluding that the hearing examiner had erred in excluding significant evidence at Sliwinski's dismissal hearing. *Sliwinski v. Board of Fire and Police Comm'rs*, 2006 WI App 27, ¶ 1, 289 Wis. 2d 422, 711 N.W.2d 271 (*Sliwinski I*). We declined to reinstate Sliwinski at that time because further fact-finding was needed. *Id.*, ¶ 16.

---

[3] The Honorable Patricia McMahon was assigned to the certiorari action.

Although our decision remanding the matter for hearing was released in January 2006, to date, that hearing has not been conducted.

¶ 7. In April 2006, approximately three months after our decision in *Sliwinski I*, Sliwinski filed his second action in Milwaukee County Circuit Court, this time for deprivation of property without due process because the Board had not yet provided him with a new hearing or paid him. The City of Milwaukee removed the action to the United States District Court. In April 2007, a federal district court judge denied Sliwinski's motion for summary judgment, saying Sliwinski had not exhausted his state court remedies, including filing a mandamus action. *Sliwinski v. Hegerty*, No. 06C0637, 2007 WL 1168772, at *3–4 (E.D. Wis. Apr. 18, 2007).

¶ 8. In April 2007, Sliwinski filed his third circuit court action, a petition for a writ of mandamus. The circuit court[4] ultimately denied his petition, and Sliwinski appealed. In June 2008, in *Sliwinski v. City of Milwaukee*, 2008 WI App 119, 313 Wis. 2d 253, 757 N.W.2d 76 (*Sliwinski II*), we reversed the circuit court's decision, saying that Sliwinski had a " 'clear, specific legal right' " to his pay and benefits under Wis. Stat. § 62.50(18). *Sliwinski II*, 313 Wis. 2d 253, ¶ 7 (citation omitted). We instructed the circuit court to issue the writ to the City, requiring the City to "forthwith" conduct the due-process-compliant hearing ordered in *Sliwinski I*, and stated that until the hearing took place, Sliwinski was entitled to his pay and benefits under § 62.50(18). *Sliwinski II*, 313 Wis. 2d 253, ¶ 7.

---

[4] The Honorable Clare L. Fiorenza was assigned to the third circuit court action.

This was our second order to the City to conduct a due-process-compliant hearing since our first decision in January 2006.

¶ 9. On the day before filing his petition for a writ of mandamus in the circuit court, Sliwinski began the process of filing his WIS. STAT. ch. 109 wage claim, by filing a Claim and Notice of Circumstances with the City. Then in October 2007, Sliwinski filed this action for wages, benefits and penalties under ch. 109 in Milwaukee County Circuit Court. In September 2008, the circuit court[5] entered judgment, denying Sliwinski's motion for summary judgment on his ch. 109 claims and granting the City's motion for judgment on the pleadings. The City put Sliwinski back on the payroll in September 2008.

¶ 10. While this case was on appeal, the circuit court[6] in *Sliwinski II*, granted Sliwinski's petition for a writ of mandamus, following our directive and ordered the City to pay Sliwinski $372,770.25: $328,321.49 in back pay and benefits, and $44,448.76 in statutory interest. In July 2009, the City paid Sliwinski $308,025.37 for back pay and has recommended to the Milwaukee Common Council that it pay him $54,431.86 for his benefits. In its brief, the City asserted that the Common Council was expected to act on the recommendation by September 15, 2009. As we noted in footnote 2, the Common Council approved the payment on September 14, 2009.

¶ 11. At oral arguments on this appeal, in June 2009, the City argued that the appeal was now moot

[5] The Honorable John Franke was assigned to the WIS. STAT. ch. 109 action.

[6] The Honorable Timothy Dugan presided over the writ of mandamus action on remand.

because the circuit court issued the writ and ordered payment. Sliwinski disputed the mootness argument, a new briefing schedule was set up to address it and the parties have briefed the issue. The City argues that the appeal is moot because the back wages have been paid, the benefits will be paid soon, and both WIS. STAT. § 783.05 and the doctrine of claim preclusion require that this action be dismissed. Sliwinski argues that the benefits have not been paid and that the case is not moot under any of the City's theories. We will incorporate our decision on the City's motion for mootness into our decision in this case.

### STANDARD OF REVIEW

¶ 12. We review orders for summary judgment independently, employing the same methodology as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). We review judgments on the pleadings *de novo* as well. *Helnore v. DNR*, 2005 WI App 46, ¶ 2, 280 Wis. 2d 211, 694 N.W.2d 730.

¶ 13. Whether WIS. STAT. ch 109's definition of "wages" includes the pay and benefits of WIS. STAT. § 62.50(18) is a question of statutory construction which we review *de novo*. *See Stuart v. Weisflog's Showroom Gallery, Inc.*, 2008 WI 22, ¶ 11, 308 Wis. 2d 103, 746 N.W.2d 762. Similarly, the statutory construction question of whether WIS. STAT. § 783.05 compels dismissal of this appeal is one we review *de novo*. *See Stuart*, 308 Wis. 2d 103, ¶ 11. "[W]e have repeatedly held that statutory interpretation 'begins with the language of the statute. If the meaning of the statute is

plain, we ordinarily stop the inquiry.' " *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). "Statutory language is read where possible to give reasonable effect to every word, in order to avoid surplusage." *Id.*, ¶ 46. "Where statutory language is unambiguous, there is no need to consult extrinsic sources of interpretation, such as legislative history." *Id.*

¶ 14. Whether the doctrine of claim preclusion has rendered this appeal moot is a matter we review *de novo. See Mrozek v. Intra Fin. Corp.*, 2005 WI 73, ¶ 15, 281 Wis. 2d 448, 699 N.W.2d 54.

DISCUSSION

## I. Sliwinski's Back Pay and Benefits are Wages, as Defined by WIS. STAT. ch. 109.

¶ 15. The question in this appeal is whether Sliwinski's back pay and benefits are included in the WIS. STAT. § 109.01(3) definition of "wages." Sliwinski filed a complaint and later a summary judgment motion, claiming he was entitled to wages under § 109.01(3) or (4) and wage deficiencies and penalties under ch. 109 due to the City's failure to pay him since his discharge, which was later reversed by this court. The City responded by answer and motion for judgment on the pleadings, arguing that Sliwinski's postdischarge pay was not included in the definition of "wages" in § 109.01(3) because he had not performed personal services after he was discharged by the police chief and during the time the Board's decision was under review

785

in the circuit and appellate courts.[7] The circuit court agreed with the City, granted the City's motion and dismissed the complaint.

¶ 16. To determine the meaning of WIS. STAT. § 109.01(3), we first look to its plain language. *See Kalal*, 271 Wis. 2d 633, ¶ 45. Section 109.01(3) defines wages as:

> *remuneration payable to an employee for personal services,* including salaries, commissions, holiday and vacation pay, overtime pay, severance pay or dismissal pay, supplemental unemployment benefit plan payments when required under a binding collective bargaining agreement, bonuses and any other similar advantages agreed upon between the employer and the employee or provided by the employer to the employees as an established policy.

(Emphasis added.)

██

¶ 17. A WIS. STAT. ch. 109 wage claim is meant to be a procedure for employees to get prompt payment of monies clearly owed to them by their employers. This interpretation of the plain language of the statute is consistent with our supreme court's determination of the legislative purpose behind ch. 109. In *German v. DOT*, 2000 WI 62, 235 Wis. 2d 576, 612 N.W.2d 50, the Wisconsin Supreme Court concluded that "the well-established purpose of ch. 109 [is] to assure prompt payment of wages." *German*, 235 Wis. 2d 576, ¶ 29. We conclude that there are two facets to the WIS. STAT.

---

[7] We note that in *Sliwinski II*, the City argued against the writ of mandamus on the grounds that Sliwinski had adequate remedies at law, such as filing a WIS. STAT. ch. 109 claim. *See Sliwinski II*, 2008 WI App 119, ¶ 6, 313 Wis. 2d 253, 757 N.W.2d 76.

§ 109.01(3) wage claim: (1) the employee must have at some time performed personal services that entitle him or her to the wages; and (2) the employee's entitlement to the wages must be clear and already determined by either an agreement or employer's policy.

 ██

¶ 18. WISCONSIN STAT. § 109.01(3) does not define "personal services" but it does provide a list of examples of "remuneration . . . for personal services" that serves as a definition. At the outset we note that the statute does not state, as the circuit court did, that actual work needs to be performed by the employee. The list of examples is instructive because it includes as "remuneration . . . for personal services" things other than the traditional salaries and commissions. For example, it includes holiday and vacation pay, supplemental unemployment benefit plan payments, severance pay and dismissal pay. In each of these instances, the employee is entitled to remuneration, not for actual work done during the holiday, vacation, period of unemployment or after severance or dismissal, but instead, the entitlement to the remuneration is based on past personal services performed. *Because the employee has performed actual work at one time,* he or she is entitled to remuneration while sick, on vacation, laid off or after dismissal.

¶ 19. Construing WIS. STAT. § 109.01(3) as the circuit court did would eliminate coverage of the items the statute has listed as covered. It would eliminate any employees' wage claims for vacation pay, supplemental unemployment benefit plan payments, severance pay or dismissal pay because in each case, using the circuit court's rationale, the employee is not performing actual work during the time period of the claim. We are to

avoid absurd results in our construction of the meaning of statutes hand to give the statute's words their plain meaning. *Kalal*, 271 Wis. 2d 633, ¶ 46.

¶ 20. The second requirement of wages under WIS. STAT. § 109.01(3) is that they must be based on personal services that the employer has agreed to pay or has a clear policy of paying for. The final clause of § 109.01(3) sets forth the second facet, defining wages as only including "payments" that are:

> required under a binding collective bargaining agreement, bonuses and any other similar advantages agreed upon between the employer and the employee or provided by the employer to the employees as an established policy.

It is evident from this language that the common feature of the listed entitlements to remuneration is an agreement or policy that makes it clear that the employee is entitled to them, for example: a collective bargaining agreement, an employment contract or the employer's established policy. When the employee has performed actual work that the employer has committed to paying the employee for under a clear agreement or policy, ch. 109 is available as a mechanism for an employee to obtain payment of what is clearly due to him or her.

¶ 21. This interpretation of the statute is consistent with the Wisconsin Supreme Court's holding in *German*. In *German*, the supreme court held that DOT officers who were required to be on call during their lunch hours were entitled to wages for that time period. *Id.*, 235 Wis. 2d 576, ¶ 34. The officers argued that under a separate agency code provision they were entitled to pay for meal hours when they were not free from work. *Id.*, ¶ 4 (citing WIS. ADMIN. CODE § DWD

274.02(3) (May 1997)). Accordingly, they argued that they were entitled to bring a WIS. STAT. ch. 109 claim for the on-duty lunch hours.

¶ 22. The DOT countered that WIS. STAT. § 103.005 (1995–96) provided the exclusive remedy for the officers' claims and that WIS. STAT. ch. 109 was meant to be narrowly construed to be "simply a mechanism to compel employers to issue paychecks promptly." *German*, 235 Wis. 2d 576, ¶¶ 9, 21. Additionally, the DOT argued (similarly to the City's actual-work-performed argument here) that lunch break on-duty hours were not the equivalent of hours worked. *See id.*, ¶¶ 9–10.

¶ 23. The court rejected the DOT's narrow construction of WIS. STAT. ch. 109. Then the court used the same method of analysis that we do here, comparison of the claimed work to the list of examples in WIS. STAT. § 109.01(3). *See German*, 235 Wis. 2d 576, ¶¶ 8, 10–16. The court compared the officers' on-duty lunch hours to the listed example of overtime in § 109.01(3) and rejected the argument that on-duty lunches were not the same as hours worked. *German*, 235 Wis. 2d 576, ¶ 8. The court concluded that the administrative code provision clearly entitled the employees to a claim for wages under ch. 109. *German*, 235 Wis. 2d 576, ¶¶ 8, 16.

¶ 24. The holding in *German*, that being on call entitled the DOT officers to wages, is further evidence that WIS. STAT. § 109.01(3) does not require "actual work performed" as the circuit court held here. The fact that the DOT officers were not actually called upon to do any work during their on-call hours was not an impediment to their being paid under WIS. STAT. ch. 109. Likewise, the fact that Sliwinski was not actually called upon to work during his discharge period is not an impediment

to his wages claim under ch. 109. Sliwinski, like the DOT officers, was clearly entitled to be paid for the discharge period as we held in *Sliwinski II*, although his entitlement was based on a statute (WIS. STAT. § 62.50(18)) and theirs was based on an administrative code provision. Accordingly, we conclude that the circuit court erred in dismissing Sliwinski's claim under § 109.01(3).

¶ 25. The City relies on *DILHR v. Coatings, Inc.*, 123 Wis. 2d 418, 367 N.W.2d 812 (Ct. App. 1985), *aff'd*, 126 Wis. 2d 338, 376 N.W.2d 834 (1985), for its argument that Sliwinski's pay here was not wages, as defined by WIS. STAT. § 109.01(3), because he performed no personal services during the claimed time period. Its reliance is misplaced. *Coatings* is easily distinguished on its facts. In *Coatings*, the claim for wages was for liquidated damages under a noncompete agreement. *Id.*, 123 Wis. 2d at 423. The plaintiff's entitlement to damages was dependent upon a determination (which had not yet been made) as to whether the employee was fired for cause. *Id.* We held that WIS. STAT. ch. 109 does not encompass breach of contract claims where fault must first be determined:

> What Beaudet really seeks are liquidated damages based on Milrod's alleged breach of the employment contract. Under the employment contract, Beaudet would be entitled to damages if it were determined that Milrod terminated his employment without cause. Thus, Beaudet seeks to adjudicate whether he was fired for cause or without cause. Beaudet may have a valid breach of contract claim, but it is not the type of claim embraced by ch. 109, Stats., and not one to be brought by DILHR.

*Coatings*, 123 Wis. 2d at 423.

790

¶ 26. That holding is consistent with the legislative policy behind Wis. Stat. ch. 109, as expressed in *German*—namely, to assure the *prompt* payment of wages—and it is consistent with our view that a ch. 109 wage claim requires no dispute as to entitlement. *See German*, 235 Wis. 2d 576, ¶ 29. Whether Sliwinski is entitled to the pay is not at issue. We made that clear in *Sliwinski II*. He has performed the actual work that entitled him to this pay. Unlike the defendant in *Coatings*, no further adjudication of Sliwinski's entitlement to the pay is necessary. We therefore reverse the decision of the circuit court, which granted the City's motion for judgment on the pleadings and denied Sliwinski's motion for summary judgment, and order entry of summary judgment in favor of Sliwinski.

## II. This appeal is not moot.

¶ 27. While this Wis. Stat. ch. 109 action was on appeal, the City moved to dismiss the appeal for mootness on the grounds that Sliwinski had obtained a writ of mandamus, had received most of his pay and would shortly receive the rest. The City claims the actual and recommended payments render the appeal moot for three reasons: (1) Wis. Stat. § 783.05 precludes the ch. 109 claim because the writ of mandamus has been returned; (2) Sliwinski has been paid in part and will soon receive the balance of what he is owed; and (3) the doctrine of claim preclusion bars Sliwinski's ch. 109 claim. Sliwinski disputes all three arguments. We agree with Sliwinski that this appeal is not moot because: (1) § 783.05 is not a bar because Sliwinski had not been paid when this action was filed; (2) Sliwinski has not received all of his back pay and benefits, and ch.

791

¶ 28. First, the City argues, without any case law support, that WIS. STAT. § 783.05 prohibits Sliwinski's claim because the writ of mandamus has now been returned in the form of the back pay and benefit payments. The City interprets the statute to bar this WIS. STAT. ch. 109 claim because it characterizes Sliwinski's claim as one "for the making of such return." Section 783.05 states:

> **Recovery to bar another action.** A recovery of damages by virtue of this chapter against any party who shall have made a return to a writ of mandamus shall be a bar to any other action against the same party *for the making of such return.*

(Emphasis added.)

¶ 29. We conclude that Sliwinski's WIS. STAT. ch. 109 claim does not fall within the statutory bar because the statute bars actions made against the same party who has made a return to the writ of mandamus. In this case, Sliwinski filed his ch. 109 claim in April 2009 when no return of the writ of mandamus existed. The only return that has been made in this case is at best a partial return that did not happen until July 2009— twenty-six months after this action was filed. In addition, Sliwinski's ch. 109 claim seeks possible remedies unrelated to the return of the writ of mandamus, such as attorney fees and a wage increase and, accordingly, cannot be viewed as being an action responsive to the return of the writ which only addressed the back pay and benefits. Accordingly, WIS. STAT. § 783.05 is not a bar to Sliwinski's ch. 109 claim.

■

¶ 30. The City's second mootness argument is that this appeal should be dismissed because Sliwinski has been fully paid. It is clear from the record that is not true. Even the City's brief acknowledges that the payment made in July 2009 was for less than the amount the circuit court ordered.[8] At best, as of the date of oral argument, Sliwinski had the City's assurances that it would recommend that the Common Council approve the additional payment to Sliwinski. And even when and if fully paid, WIS. STAT. ch. 109 provides other remedies for an employee denied prompt payment of wages, including attorney fees and wage increases that are not resolved by the City's July 2009 payment. We do not decide Sliwinski's entitlement to those additional remedies because they require additional factual findings from the circuit court.

■

¶ 31. As to the City's claim preclusion argument, it fails because of a lack of identity of parties and issues. The supreme court, in *A.B.C.G. Enter prises v. First Bank Southeast*, 184 Wis. 2d 465, 515 N.W.2d 904 (1994), set forth the test to be used to determine whether a claim is precluded. First, a court must "determine whether there is an identity of parties and an identity of causes of action." *Id.* at 480. If there is an identity of parties and causes of action, a court must determine whether the claim in the second action "if successfully litigated, would nullify the prior . . . action

_____

[8] The difference in amounts between the circuit court's mandamus order ($372,770.25) and the actual payment made by the City in July 2009 ($308,025.37) and the approved payment ($54,431.86) has not been challenged by Sliwinski in this appeal nor does this record show whether he objected to the return of the writ of mandamus.

or impair rights established in the initial action so as to trigger the application of [claim preclusion]." *Id.* at 482.

¶ 32. Here, there is neither identity of parties nor of causes of action between this WIS. STAT. ch. 109 action and the mandamus action. The Milwaukee Police Association and Sliwinski were both plaintiffs in the mandamus action. The Milwaukee Police Association is not a party to the ch. 109 action. And as we noted in *Sliwinski II*, a ch. 109 wage claim "would not vindicate the interests of the Police Association." *See Sliwinski II*, 313 Wis. 2d 253, ¶ 6.

¶ 33. The mandamus cause of action is an extraordinary legal remedy with elements of proof very different from those in a WIS. STAT. ch. 109 wage claim action. "A party seeking mandamus must also show that the duty sought to be enforced is positive and plain; that substantial damage will result if the duty is not performed; and that no other adequate remedy at law exists." *Sliwinski II*, 313 Wis. 2d 253, ¶ 3 (citing *Lake Bluff Hous. Partners v. City of South Milwaukee*, 197 Wis. 2d 157, 170, 540 N.W.2d 189 (1995)). A ch. 109 wage claim is a statutory procedure to collect certain past due wages that qualify under the definitions of the statute. In addition to wages and benefits, ch. 109 provides other possible relief such as attorney fees and increased wages. A wage claim under ch. 109 does not require proof of any of the elements of mandamus such as the plain and positive duty, absence of any other adequate remedy at law or substantial damage.

¶ 34. We note that the City does not argue *issue* preclusion. Nor does Sliwinski object to the writ itself

or the amount of the return. The City's argument is *claim* preclusion. " 'Under the doctrine of claim preclusion, a final judgment is conclusive in all subsequent actions between the same parties [or their privies] as to all matters which were litigated or which might have been litigated in the former proceedings.' " *Kowske v. Ameriquest Mortgage*, 2009 WI App 45, ¶ 19, 317 Wis. 2d 500, 767 N.W.2d 309 (quoting *Menard, Inc. v. Liteway Lighting Prods.*, 2005 WI 98, ¶ 26, 282 Wis. 2d 582, 698 N.W.2d 738) (alterations in *Kowske*). A final judgment in the mandamus action would not resolve the issues of attorney fees or increased wages in the WIS. STAT. ch. 109 action. And the attorney fees and increased wages penalties in ch. 109 could not have been litigated in the mandamus action. Accordingly, claim preclusion does not apply.

¶ 35. Based on the foregoing, we conclude that Sliwinski's back pay and benefits, from the date of his previously reversed discharge until the City holds the due process hearing we ordered, are wages and wage deficiencies within the meaning of WIS. STAT. § 109.01(3) and (4). Accordingly, we reverse the circuit court's grant of the City's motion for judgment on the pleadings and denial of Sliwinski's motion for summary judgment. We remand to the circuit court for further WIS. STAT. ch. 109 proceedings as to Sliwinski's entitlement to attorney fees and wage increases under that chapter.

*By the Court.*—Judgment reversed and cause remanded; motion to dismiss denied.